UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 10-20037

JASON HESANO and HELEN RABBAN,      Honorable Patrick J. Duggan

    Defendants.
_____/

## ORDER OF RESTITUTION

On June 6, 2011, Defendant Helen Rabban pled guilty to the charge of False Statement to the Department of Housing and Urban Development in violation of 18 U.S.C. § 1010. The plea was pursuant to a Rule 11 Plea Agreement in which the parties agreed that the maximum sentence would be eighteen (18) months. On October 18, 2011, the Court sentenced Defendant Rabban pursuant to a 5K1 motion to one (1) day, time served. The Court deferred ruling with respect to restitution pending the sentence of Co-Defendant Jason Hesano and its receipt of additional information concerning restitution.

On July 20, 2011, Defendant Hesano pled guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. The plea was pursuant to a Rule 11 Plea Agreement in which the parties agreed that the maximum sentence would be thirty (30) months. On April 19, 2012, the Court sentenced Defendant Hesano to fifteen (15) months imprisonment, but deferred any ruling with respect to restitution pending the receipt of additional information.

The Court is now prepared to rule with respect to restitution. In making its ruling, the

Court has considered a Sentencing Memorandum submitted on behalf of Defendant Hesano on April 12, 2012, and a government Sentencing Memorandum filed on April 17, 2012. The Court also has received and reviewed a Supplemental Memorandum submitted on behalf of Defendant Rabban, dated October 13, 2011.

The charges against Defendants arose from a number of loans on various parcels of real estate. The government contends that each of the loans was approved because Defendant Hesano submitted a Verification of Deposit (VOD) form prepared by Defendant Rabban which contained false information.

Defendant Hesano was employed as a senior loan officer at a Flagstar Bank branch in Rochester, Michigan. Defendant Rabban was employed as an assistant vice president branch manager at Charter One Bank in West Bloomfield. Defendant Rabban assisted Defendant Hesano in obtaining loan approvals for the subject loans by providing VOD forms indicating that the borrowers had funds on deposit at Charter Bank. These VOD forms were false because the borrower either had no funds on hand at Charter Bank or the amount listed in the VOD form was significantly higher than the borrower actually had at Charter Bank. The lending bank relied on the false information in the VOD forms to approve the loans.

In its Sentencing Memorandum (*see* Doc. 45 at 13, 14), the government seeks restitution in the amount of $962,609.89. The government believes that this amount should be paid by Defendants jointly and severally. This amount reflects the unpaid balance on the loans on nine (9) of the properties. When Defendants were sentenced, these loans were in default and a balance remained owing. In arriving at the unpaid balance, the government started with the amount remaining due on the loan and credited against that amount the

2

proceeds received from the sale of the real estate securing the loans or the appraised value of the real estate, if the real estate has not yet been sold.

In his Sentencing Memorandum, Defendant Hesano does not disagree that the amount calculated by the government is the total amount still owing on the loans, but he contends that any obligation for restitution should be limited to the "loss" caused by his conduct. Defendant Hesano disputes that the amount calculated by the government was caused by his conduct in submitting the false VOD forms. He contends that, in determining the amount of restitution, the following should be taken into consideration:

1. That some of the loans were "refinanced" and that any loan that was refinanced would have gone into default if it had not been refinanced;

2. That certain payments were made at the time of closing that have not been considered; and,

3. A significant portion of the "loss" that the banks suffered resulted from a decline in property values, which was not the fault of Defendants.

Taking these factors into consideration, Defendant Hesano believes the proper restitution figure is $272,216.69. (Doc 44 at 11.)

The Court is not persuaded that the amount of restitution as calculated by the government is incorrect. First, the Court does not believe that the fact that some of the loans were "refinanced" should factor into its restitution calculation. Whether or not the underlying loan that was refinanced would have gone into default is unknown and Defendant Hesano's arguments that it would have done so is pure speculation. More likely, the "refinancing" would not have been approved but for the false VOD forms. Second, the Court does not believe that any monies paid at the time of closing should be taken into consideration. These

3

monies were paid to a party other than the bank and did not reduce the amount of the money loaned. Finally, the Court does not believe that any reduction in the value of the subject properties caused by a down-turn in the real estate market should be considered in determining the amount of restitution. *See United States v. Mallory*, 709 F. Supp. 2d 455, 457 (E.D. Va. 2010) (finding diminished value of the property due to a down-turn in the market irrelevant in calculating the loss to the bank caused by the defendant's preparation of fraudulent financial documents on which the bank relied in qualifying borrowers for loans); *see also United States v. Turk*, 626 F.2d 743, 749-50 (2d Cir. 2010).

Defendants also argue that they should not be held responsible for any "loss" resulting from Flagstar failing to follow its own policies or loan guidelines which, they argue, would have caused Flagstar to detect the fraud and/or not approve the loans. Again, this court disagrees. A victim's negligence is not a defense, nor should it be considered in determining, an amount of "loss." *United States v. Rennert*, 374 F.3d 206, 213 (3rd Cir. 2004), vacated in part on other grounds, *Miller v. United States*, 544 U.S. 958, 125 S. Ct. 1744 (2005); *see also, United States v. Coyle*, 63 F.3d 1239, 1244 (3rd Cir. 1995).

Defendant Rabban, in addition to adopting the arguments set forth by Defendant Hesano, argues that her involvement was significantly less than Defendant Hesano's involvement and, therefore, her obligation for restitution should be for an amount that reflects her culpability. In this Court's opinion, Defendant Rabban's involvement in preparing the false VOD forms played a significant part in the "loss" suffered by Flagstar Bank. Therefore, there is no basis to order her to pay a restitution amount less than the full amount. The Court is satisfied that none of the loans would have been made but for the false VOD forms and

therefore Defendants should be jointly responsible for the "loss" suffered by Flagstar Bank as calculated by the government.

Therefore,

**IT IS ORDERED** that Defendants Rabban and Hesano are to make restitution to Flagstar Bank, jointly and severally, in the amount of $962,609.89.[1]

Dated: June 25, 2012

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Michael J. Rex, Esq.
Walter J. Piszczatowski, Esq.
Patricia A. Maceroni, Esq.
AUSA Frances L. Carlson

---

[1] 18 U.S.C. § 3664(f) states that the amount of restitution shall be determined by the Court "without consideration of the economic circumstances of the defendant." However, section 3664 does allow for the Court to order "partial payments at specified intervals." As indicated in the "Special Conditions of Supervision," to be included in the Amended Judgment entered for each defendant in this case, Defendants shall make monthly payments on any remaining balance of the restitution, special assessment, at a rate and schedule recommended by the Probation Department and approved by the Court.